**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PHILIP SOKOLICH,**
                              **Plaintiff,**

-against-                                         **03-CV-0618**

**UNITED STATES POSTAL SERVICE,**

                              **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

This is a *pro se* action brought by Plaintiff Philip Sokolich against the United States Postal Service (USPS). Plaintiff alleges in the Complaint that he is entitled to a $10,000 reward from the USPS for assistance he gave to the USPS by reporting another person for mail theft. Defendant has moved to dismiss pursuant to, *inter alia*,[1] Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is granted and the action is dismissed.

### II. BACKGROUND

The Complaint [dkt. # 1] alleges that Plaintiff "reported Theresa Brower for U.S. Mail theft . . . which resulted in [her] conviction . . ." Compl. at p. 1. Plaintiff "filed . .. for the $10,000

---

[1] Defendant moves under Rule 12 or, in the alternative, under Rule 56. However, Defendant failed to serve a "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" as required by Local Rule 56.2. Accordingly, the Court disregards all matters beyond the Complaint and attachments thereto.

Reward from the United States Postal Service under U.S. Code Title 39, Part I, Chapter 4, sec. 404(8) for [his] report of said Theresa Brower's theft of U.S. Mail from [his] sense of civic duty . . . ." <u>Id.</u>  Attached to the Complaint are various documents including Plaintiff's "Application for Reward," and a letter from the Director of the Office of Inspector General of the USPS to Plaintiff indicating that the USPS had determined upon investigation that he was not entitled to a reward because "a member of the local police department investigating the mail theft had identified the suspect prior to interviewing you." Compl. Attach.  Plaintiff contends in the Complaint that he filed this action "for review by a U.S. Federal Judge, or a U.S. Federal Magistrate,  . . . with [*sic*] Plaintiff [*sic*] demands from the United States Postal Service [*sic*] $10,000.00." Compl. at p. 2.

     As indicated above, Defendant has moved to dismiss pursuant to, *inter alia*, Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff has not responded to the motion.  The Court docket indicates that Defendant served the motion on Plaintiff by mailing it to: Philip Sokolich, P.O. Box 171, Ogdensburg, New York 13669, and Philip Sokolich, P.O. Box 164, Ogdensburg, New York 13669. <u>See</u> Dkt. # 33-1 (Notice of Motion with Certificate of Service).  The Court's docket lists Plaintiff's last known mailing address was Philip Sokolich, P.O. Box 171, Ogdensburg, New York 13669. <u>See</u> 9/3/03 Clerk's Dkt. Entry (updating Plaintiff's address based upon his correspondence as: P.O. Box 171, Ogdensburg, New York 13669).  Yet, when the Clerk's Office mailed a Notice to Plaintiff indicating that the instant motion would be decided on the submissions alone (<u>e.g.</u> that there would be no oral argument on the motion), <u>see</u> 5/19/06 Dkt. Entry, the Notice was returned and marked as "undeliverable." <u>See</u> dkt. # 34.[2]  Thus, it is unclear whether Plaintiff received the Government's motion either at the P.O. Box 171, Ogdensburg, New York 13669 address, or at the

---

[2]The Clerk mailed this Notice to Plaintiff at his P.O. Box 171, Ogdensburg, New York 13669 address.

P.O. Box 164, Ogdensburg, New York 13669 address. Either way, the record contains no opposition from Plaintiff.

**III.   DISCUSSION**

**A.  Adjudication of Motion Absent Plaintiff's Response**

The Court finds sufficient basis to proceed with this motion absent Plaintiff's input. Local Rule 10.1(b)(2) requires *pro se* litigants to notify the Court of any change of address, and Local Rule 41.2(b) provides that failure to notify the Court of a change of address may result in dismissal of the action. The requirement of notifying the Court (and the opposing party) of a change of address, and dismissing cases where the requirement has not been met, is founded on the public policy that encourages the Court to achieve orderly and expeditious disposition of all cases. See Fed. R. Civ. P. 1; Dansby v. Albany County Corr. Facility Staff, 1996 WL 172699, at * 1 (N.D.N.Y. April 10, 1996). A party's failure to notify the Court of a change of address is generally interpreted as a failure by that party to properly prosecute his case. Plaintiff has already been the subject of an Order to Show Cause for apparent lack if interest in prosecuting this case. See Order to Show Cause [dkt. # 11]. Thus, under the circumstances presented here, the case could be dismissed under Rule 41.2(b).

Further, the pending motion raises a challenge to this Court's subject matter jurisdiction. The Court "may examine subject matter jurisdiction, *sua sponte,* at any stage of the proceeding." Adams v. Suozzi, 433 F. 3d 220, 224 (2d Cir. 2005)(quoting F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 100 n. 2 (2d Cir. 1999)). Because (1) the Government has challenged the subject matter jurisdiction of the Court to adjudicate this matter, (2) the Court can address the question of subject matter jurisdiction *sua sponte*, and (3) the Plaintiff has evidenced his lack of interest in prosecuting

3

this matter, the Court will decide the instant motion without further delay.

### B. Subject Matter Jurisdiction

As the Second Circuit has pointed out:

A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). Sovereign immunity is a jurisdictional bar, and a waiver of sovereign immunity is to be construed strictly and limited to its express terms. See Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999)(interpreting scope of the federal government's waiver of sovereign immunity under the [Administrative Procedures Act]); Up State Fed. Credit Union v. Walker, 198 F.3d 372, 374 (2d Cir. 1999)("It is well established that in any suit in which the United States is a defendant, a waiver of sovereign immunity with respect to the claim is a prerequisite to subject matter jurisdiction."). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Dorking Genetics v. United States, 76 F.3d 1261, 1263 (2d Cir. 1996)(quoting FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)).

Lunning v. United States, 319 F. 3d 550, 554 (2d Cir. 2003).

Under the provisions of the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.* ("PRA"), the Postal Service is "an independent establishment of the executive branch of the Government of the United States." Dolan v. United States Postal Serv., – U.S.–, –, 126 S.Ct. 1252, 1255 (2006)(quoting 39 U.S.C. § 201). "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver." Id. at 1256 (citing Postal Service v. Flamingo Industries (USA) Ltd., 540 U.S. 736, 741 (2004); FDIC v. Meyer, 510 U.S. 471, 475 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")). The PRA also "generally 'waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name.'" Id. (quoting Flamingo Industries, 540 U.S. at 741 and 39 U.S.C. § 401(1)). The waiver, however, is not complete and instead is based upon the nature of the claim, or

claims, asserted.

### C. Claim for Judicial Review

Given the allegations of the Complaint, it appears that Plaintiff is asserting a claim for judicial review under Section 702[3] of the Administrative Procedures Act (APA) of the USPS's decision to deny him a reward under 39 U.S.C. § 404(a)(8)[4] and the governing regulations. While the APA represents a limited waiver of sovereign immunity from a final decision of a federal agency for federal court review,  see Lunning, 319 F. 3d at 554,  557-58, the Ninth Circuit has held that the United States Postal Service "is exempt from the APA's general mandate of judicial review of agency actions." Currier v. Potter, 379 F.3d 716, 725  (9th Cir. 2004). This Court agrees with the Ninth Circuit's conclusion and finds that there is no subject matter jurisdiction to review the USPS's determination under the APA.  See id. at 724-25.[5]

---

[3] Section 702 of the APA provides in relevant part that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

[4] 39 U.S.C. § 404(a)(8) provides:

(a) Without limitation of the generality of its powers, the Postal Service shall have the following specific powers, among others:

\* \* \*

(8) to offer and pay rewards for information and services in connection with
violation of the postal laws, and, unless a different disposal is expressly prescribed,
to pay one-half of all penalties and forfeitures imposed for violations of law
affecting the Postal Service, its revenues, or property, to the person informing for
the same, and to pay the other one-half into the Postal Service Fund.

[5] In this regard, the Ninth Circuit held in Currier:

We are not persuaded that Congress, by enacting the PRA, intended to subject the Postal Service to suit for violations of regulations. "[A]dopted to increase the efficiency of the Postal Service and reduce political influences on its operations," see Flamingo, 540 U.S. at ----, 124 S.Ct. at 1325, the PRA converted the Postal Department into a rara avis: "an independent establishment of the executive branch of the Government of the

(continued...)

Further and assuming for purposes of discussion that the "review" Plaintiff seeks in this case is from a final determination of a federal governmental agency that would otherwise be subject to APA review, there still would not subject matter jurisdiction in the circumstances presented by this case. As the Second Circuit held in Lunning:

> The APA embodies a "basic presumption of judicial review." Abbott Labs. v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). "This is 'just' a presumption, however, ... and under § 701(a)(2) agency action is not subject to judicial review 'to the extent that' such action 'is committed to agency discretion by law.'" Lincoln v. Vigil, 508 U.S. 182, 190-91, 113 S.Ct. 2024, 124 L.Ed.2d 101 (1993)(citing Block v. Community Nutrition Institute, 467 U.S. 340, 349, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984)). This limitation on the APA's waiver of immunity means that there is no jurisdiction if the statute or regulation said to govern the challenged agency action "is drawn so that a court would have *no meaningful standard* against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)(emphasis added).

Id. at 558.

Under 39 U.S.C. § 404(a)(8), the USPS has the power "to offer and pay rewards for information and services in connection with violation of the postal laws." The choice of wording in

---

[5](...continued)
United States." 39 U.S.C. § 201. While preserving the Service's public obligations, the Act "indicated that [Congress] wished the Postal Service to be run more like a business than had its predecessor, the Postal Department." Franchise Tax Bd. v. United States Postal Serv., 467 U.S. 512, 519-20, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984). Consistent with that goal, the Supreme Court has liberally construed 39 U.S.C. § 401(1)'s sue-or-be-sued clause, "presum[ing] that the Service's liability is the same as that of any other business." *Id.* at 520, 104 S.Ct. 2549.

At the same time, the PRA provides that various forms of federal law, including the APA, that normally apply to government entities do not apply to the Service. See 39 U.S.C. § 410(a). Thus, the Service is exempt from the APA's general mandate of judicial review of agency actions. Given this statutory backdrop, we are satisfied that the PRA evinces Congress's general intent to withdraw judicial scrutiny of postal regulations. See Block v. Cmty. Nutrition Inst., 467 U.S. 340, 349, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984); Ruff v. Hodel, 770 F.2d 839, 840 (1985). In the face of such clear evidence, we also decline to override the PRA's express removal of APA review of the Service's actions by imputing an implicit Congressional intent to preserve common-law principles of judicial review. Cf. Carlin v. McKean, 823 F.2d 620, 623 (D.C.Cir. 1987)(suggesting without deciding that common-law administrative review may not survive PRA's explicit removal of APA review).

379 F.3d at 724-25.

6

this statute denotes total discretion within the USPS to determine when and if such rewards might be offered or paid. In addition, 39 C.F.R. § 233.2, which lays out the USPS's reward program, states that "[r]ewards will be paid up to the amounts and under the conditions stated in Poster 296." The text of Poster 296 states that the USPS:

> offers a reward up to [$10,000] for information and services leading to the arrest and conviction of any person for. . . theft, possession, destruction, or obstruction of mail. . . . The amount of any reward will be based on the significance of services rendered, character of the offender, risks and hazards involved, time spent, and expenses incurred. Amounts of rewards shown above are the maximum amounts which will be paid.

39 C.F.R. § 233.2.

The clear language of these regulation indicate that the USPS has reserved total discretion in deciding whether to offer or grant any reward, and, if one is granted, the amount to be granted. Given this discretion, there is essentially nothing to review and, therefore, there is no meaningful standard against which to judge the exercise of the USPS's discretion in determining whether or not to grant a reward in this case. Accordingly, the Court is otherwise deprived of subject matter jurisdiction under the APA. Lunning, 319 F. 3d at 558. Thus, to the extent that Plaintiff's claim seeks review of the USPS's denial of application for a reward, the claim is dismissed for lack of subject matter jurisdiction.

### D.  Tort Claim

It is also possible that Plaintiff proceeds on some type of tort claim, see Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995)(Any time the Court addresses a *pro se* litigant's Complaint, it must construe the Complaint liberally and "'interpret [it] to raise the strongest arguments that [it] suggest[s].'")(quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)), perhaps a claim of

fraudulent or intentional misrepresentation or deceit, or a claim founded on the interference with contractual rights. See e.g. Goodin v. United States Postal Insp. Serv., 393 F. Supp. 2d 869, 871, aff'd 444 F.3d 998 (6th Cir. 2006).[6]  However, to the extent the complaint asserts a claim based upon misrepresentation, deceit, or interference with contractual rights, the Court lacks subject matter jurisdiction to address such a claim.

As the Supreme Court explained in Dolan:

Although the Postal Reorganization Act generally "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,' " Flamingo Industries, supra, at 741, 124 S.Ct. 1321 (quoting 39 U.S.C. § 401(1)), the statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service," § 409(c).

The FTCA, in turn, waives sovereign immunity in two different sections of the United States Code. . . .  The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all).  If one of the exceptions applies, the bar of sovereign immunity remains.  The 13 categories of exempted claims are set forth in 28 U.S.C. § 2680.

126 S. Ct. at 1256.

Section 2680(h) exempts any claim arising out of "misrepresentation, deceit, or interference with contract rights." See  28 U.S.C. § 2680(h).  Thus, the Court lacks subject matter jurisdiction to adjudicate any tort claim asserting that the United States Postal Service, or one of its employees engaged in deceit or misrepresentation to entice Plaintiff to report another person's theft of the mail, or interfered with any contract that Plaintiff might have had with the USPS. See  28 U.S.C. § 2680(h); Goodin, 393 F. Supp. 2d at 871.[7]

---

[6] In Goodin, the plaintiff sued the United States Postal Inspection Service (USPIS) alleging fraudulent misrepresentation and breach of contract as result of the agency's refusal to pay a reward for information Plaintiff provided about an attack on a postal worker.

[7] In its motion to dismiss in Goodin, the USPIS argued that the Court lacked subject matter jurisdiction over

(continued...)

To the extent Plaintiff brings a tort claim based upon the wrongful acts of a USPS employee, the Court lacks subject matter jurisdiction to adjudicate the claim under the FTCA. In this regard, Section 2680(a) exempts:

> **(a)** Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28b U.S.C. § 2680(a). Thus, the Court lacks subject matter jurisdiction to adjudicate a tort claim founded on the wrongful acts of a USPS employee in determining to deny Plaintiff a reward for his information related to the prosecution of Theresa Bower.

Assuming that Plaintiff presents a deprivation of property without due process claim, and assuming without deciding that the Court has subject matter jurisdiction to adjudicate such a claim, it fails on the merits. The level of discretion afforded the USPS in determining whether a reward is owed defeats any protected property interest that Plaintiff might have in the reward. See United States v. Copeland, 376 F.3d 61, 72 (2d Cir. 2004)(citing R.R. Village Assoc. v. Denver Sewer

---

[7](...continued)
the fraudulent misrepresentation claim. The District Court agreed, holding:

> With regard to tort claims, the [Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (2000) (FTCA)] provides that a federal agency, regardless of its authority to sue or be sued, may not be sued in its own name. 28 U.S.C. § 2679(a). Instead, tort claims must be brought against the United States. Id. at §§ 1346(b), 2679(a). Here, fraudulent misrepresentation is a tort, and pursuant to 39 U.S.C. § 409, USPIS is a federal agency for purposes of the FTCA. Consequently, [Plaintiff's] claim against USPIS fails as a matter of law. Moreover, fraudulent misrepresentation is expressly exempted under the FTCA. 28 U.S.C. § 2680(h)(exempting "[a]ny claim arising out of ... misrepresentation [or] deceit"); see United States v. Neustadt, 366 U.S. 696, 699, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961)(citing with approval the Second Circuit Court of Appeal's conclusion in Jones v. United States, 207 F.2d 563, 564 (2d Cir. 1953) that deceit, as used in § 2680(h), is equivalent to fraudulent misrepresentation). Thus, even if [Plaintiff] had properly named the United States as a defendant, [Plaintiff's] claim fails as a matter of law.

Goodin, 393 F. Supp. 2d at 871.

Corp., 826 F.2d 1197, 1201-02 (2d Cir. 1987)(stating that if an official action is discretionary, an individual's interest in a favorable decision does not amount to a constitutionally protected property interest)).

### E.  Contract Claim

To the extent Plaintiff proceeds on a theory of breach of express or implied contract for his services or information in reporting mail theft, the Court lacks subject matter jurisdiction to adjudicate the claim. Goodin v. United States Postal Insp. Serv., 444 F.3d 998 (6th Cir. 2006). Under the Contract Disputes Act (CDA), 41 U.S.C. § 601 et seq., recovery against the United States on an implied contract for services can only be sought before an agency board or in the Court of Federal Claims. See 41 U.S.C. §§ 602(a), 609(a)(1). "The CDA specifically encompasses claims based on contracts for the procurement of services entered into by an executive agency, including the United States Postal Service." Goodin, 444 F.3d at 1000 (citing 41 U.S.C. §§ 601(2), 602). "Federal district courts are divested of jurisdiction over claims 'founded upon any express or implied contract with the United States' that fall within the CDA." Id. at 1001 (citing 28 U.S.C. § 1346(a)(2)).

The "sue and be sued" provision of the Postal Reorganization Act does not supply a valid basis for district court jurisdiction because the CDA is a "precisely drawn, detailed statute [that] preempts more general remedies." Id. (quoting Brown v. General Serv's Admin., 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)). Further, "there is no basis for concluding that the term services does not include the provision of information, particularly in light of the federal regulation on postal awards which authorizes rewards based on the 'significance of *services* rendered, character of the offender, risks and hazards involved, time spent, and expenses incurred.'" Id. (quoting 39 C.F.R. §

10

233.2, General Provision 2 (emphasis added)). Thus, there is no subject matter jurisdiction to adjudicate a contract claim.

IV.     **CONCLUSION**

For all of the reasons set forth above, Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**

DATED:  June 15, 2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge